IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

    Petitioner,

v.   No. CIV 13-0489 JB/CG

GERMAN FRANCO, WARDEN,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, sua sponte under rules 4 and 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner Dakota Clay Ahlgrim's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed May 24, 2013 (Doc. 1)("Petition"). Also before the Court is Ahlgrim's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed June 20, 2013 (Doc. 4)("Motion"). The Court will grant the Motion and will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, Ahlgrim v. Lopez, No. CV 12-1016 RB/GBW (D.N.M.), Ahlgrim attacked the same state court criminal conviction that is the subject of this proceeding. See Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972)(noting that court may take judicial notice of its own records). In the earlier case, Ahlgrim asserted a number of claims of constitutional error in his state court trial and sentencing. See Proposed Findings and Recommended Disposition, 6-7 filed February 8, 2013 (Case No. CV 12-1016, Doc. 8). The Honorable Robert C. Brack, United States District Judge for the District of New Mexico, dismissed Ahlgrim's Petition Under 28 U.S.C. § 2254 for Write of Habeas Corpus by a Person in

State Custody, filed September 28, 2012 (Doc. 1), with prejudice.  See Final Order, filed March 5, 2013 (Case No. CV 12-1016, Doc. 10).  Ahlgrim then returned to the state courts in further pursuit of habeas corpus relief.  These efforts produced no relief, and he now brings a new § 2254 petition raising four claims of constitutional error in the state court criminal proceeding.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  See also Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.  The current petition is Ahlgrim's second and is not accompanied by an authorizing order.  Ahlgrim's claims are merely restatements of those in his first petition.  Because Ahlgrim has filed a second § 2254 petition "without the required authorization" from the Court, the Court will dismiss Ahlgrim's Petition for lack of jurisdiction. In re Cline, 531 F.3d at 1252.  The Court hereby notifies Ahlgrim that filing further habeas corpus pleadings attacking the same conviction or sentence may result in imposition of filing restrictions.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Ahlgrim has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

**IT IS ORDERED** that: (i) Petitioner Dakota Clay Ahlgrim's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed June 20, 2013 (Doc. 4), is granted, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor; (ii) the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a

Person in State Custody, filed May 24, 2013 (Doc. 1), is dismissed for lack of jurisdiction; (iii) a certificate of appealability is denied; and (iv) judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Dakota Clay Ahlgrim
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Petitioner*

Gary K. King
   New Mexico State Attorney General
Jane Bernstein
   Assistant New Mexico State Attorney
Santa Fe, New Mexico

    *Attorneys for the Respondent*